UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| ATLANTIS BLUE SHIPPING COMPANY S.A., <br><br> Plaintiff, <br><br> - against - <br><br> NORVIC SHIPPING INTERNATIONAL LLC and NORVIC SHIPPING ASIA PTE LTD., <br><br> Defendants. | Civil Case No. 2:26-cv-5417 |

### *EX PARTE* MOTION FOR AN ORDER AUTHORIZING ISSUANCE OF PROCESS OF MARITIME ATTACHMENT AND GARNISHMENT AND APPOINTING A SPECIAL PROCESS SERVER PURSUANT TO RULE B

Plaintiff, Atlantis Blue Shipping Company S.A. ("Atlantis Blue"), by and through undersigned counsel, hereby moves this Honorable Court for an Order authorizing issuance of Process of Maritime Attachment and Garnishment pursuant to Rule B of the Federal Rules of Civil Procedure Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions ("Rule B") and appointing a special process server pursuant to Rule B, and would respectfully show the Court as follows:

### POINTS AND AUTHORITIES

**I.   ISSUANCE OF PROCESS OF MARITIME ATTACHMENT AND GARNISHMENT**

1.      "Under Rule B of the Supplemental Admiralty Rules, a plaintiff may attach a defendant's property if four (4) conditions are met: (1) Plaintiff has a valid *prima facie* admiralty claim against the defendant; (2) defendant cannot be found within the district; (3) property of the defendant can be found within the district; and (4) there is no statutory or maritime law bar to the

640333.1

attachment." *Aqua Stoli Shipping Ltd. v. Gardner Smith Pty Ltd.*, 460 F.3d 434, 445 (2d Cir. 2006); Fed. R. Civ. P., Supp. Rule B.

2.     "The Admiralty Rules provide that where a Defendant cannot be found in the district in which the complaint is filed, the complaint 'may contain a prayer for process to attach the defendant's tangible or intangible personal property--up to the amount sued for--in the hands of garnishees named in the process.' Admiralty Rule B(1)(a). The plaintiff or plaintiff's attorney must sign and file with the complaint an affidavit stating that, to the affiant's knowledge, or on information and belief, the defendant cannot be found within the district. Admiralty Rule B(1)(b). The court must review the complaint and affidavit and, ***if the conditions set out in Rule B appear to exist--namely, that the defendant is not found in the district--the court must enter an order authorizing process of attachment and garnishment***. *Id.* The clerk may enter supplemental process enforcing the court's order upon application without further court order. *Id.*" *Navalmar (U.K.) Ltd. v. Welspun Gujarat Stahl Rohren, Ltd.*, 485 F. Supp. 2d 399, 401-02 (S.D.N.Y. 2007) (emphasis added).

3.     On May 13, 2026, Atlantis Blue filed a Verified Complaint pursuant to Rule 9(h) of the Federal Rules of Civil Procedure and Rule B setting forth its claim for damages in the amount of $404,337.82 (including interest, attorneys' fees and costs, and arbitral fees). *See* Dkt. No. 1.  The allegations set forth in the Verified Complaint state a *prima facie* admiralty claim under general maritime law (breach of a charterparty), meet the conditions of Rule B, and are incorporated herein by reference.

4.     Defendants, Norvic Shipping International LLC ("Norvic") and Norvic Asia Pte Ltd. ("Norvic Asia") cannot be found within the District of New Jersey for the purposes of Rule B.  In support of its Verified Complaint, Atlantis Blue has filed the Declaration of Attorney Yaakov

2

U. Adler (the "Adler Declaration"), averring that Defendants cannot be found within the District

pursuant to Rule B and explaining the efforts undertaken to find and serve the Defendants, as

required by Local Admiralty Rule B.1. *See* Adler Declaration ¶¶ 3-8.

5.    Specifically, Atlantis Blue is informed and believes: that Norvic and Norvic Asia

cannot be found within the District of New Jersey; that to Atlantis Blue's knowledge, none of the

managers or officers of Norvic or Norvic Asia are now within the District of New Jersey; that

Norvic and Norvic Asia do not maintain offices or telephone listings in the District of New Jersey;

that Norvic and Norvic Asia are not incorporated or registered to do business in the State of New

Jersey; and, that Norvic and Norvic Asia do not have a registered agent for the receipt of service

of process in the State of New Jersey. *Id*.

6.    Atlantis Blue is informed and believes Norvic and/or Norvic Asia does now, or will

during the pendency of this action, have tangible and intangible property within the District of

New Jersey, and said tangible and intangible property is amenable to attachment and garnishment

pursuant to Rule B. *See* Dkt. No. 1; Adler Declaration ¶¶ 9-13. More specifically, Norvic and/or

Norvic Asia has tangible and intangible property within the District consisting of goods, chattels,

credits, debts, effects and monies, funds, accounts, letters of credit, or other tangible or intangible

property which belongs to it, is claimed by it, is being held for it or on its behalf, or which is being

transferred for its benefit, within this jurisdiction in the hands of garnishee(s), Valley National

Bank and/or HSBC Bank. *See id*.

7.    There is no statutory or maritime bar to this attachment application.

8.    The instant Rule B maritime attachment action was commenced in order to secure

the appearance of Defendants and to obtain security in aid of Atlantis Blue's arbitration action in

London. *Id.*; *see also Aqua Stoli Shipping Ltd. v. Gardner Smith Pty Ltd.*, 460 F.3d 434, 437-438

640333.1

(2d Cir. N.Y. 2006); *ProShipLine, Inc. v. Aspen Infrastructures, Ltd.*, 585 F.3d 105, 111 (2d Cir. N.Y. 2009); *Milestone Shipping, S.A. v. Estech Trading LLC*, 764 F. Supp. 2d 632, 634-635 (S.D.N.Y. 2011); *Navalmar (U.K.) Ltd. v. Welspun Gujarat Stahl Rohren*, Ltd., 485 F. Supp. 2d 399, 402 (S.D.N.Y. 2007); *Maersk, Inc. v. Neewra, Inc.*, 443 F. Supp.2d 519, 527 (S.D.N.Y. 2006).

9.     Accordingly, Atlantis Blue respectfully submits that all of the elements of Rule B and the Local Admiralty Rules have been met.

## II.    APPOINTMENT OF A SPECIAL PROCESS SERVER.

10.     In addition to the foregoing, Plaintiff Atlantis Blue also respectfully requests that this Court appoint a special process server pursuant to Rule 4(c)(3) of the Federal Rules of Civil Procedure and Rule B.

11.     Plaintiff desires that a Process of Maritime Attachment and Garnishment be served on Valley National Bank and HSBC Bank (hereinafter "Garnishees") with all deliberate speed so that it will be fully protected against the possibility of funds belonging to Defendants which are being held by Garnishees (the "Subject Funds") being removed from the account. A member of this firm or a third-party service, all of whom are over 18 years of age and not party to this action, will act as special process server to effect service of the Process of Maritime Attachment and Garnishment at Valley National Bank's and HSBC Bank's New Jersey locations, or electronically.

12.     To the extent that the Application for an Order Appointing a Special Process Server with respect to this writ of attachment and garnishment does not involve a restraint of physical property, there is no need to require that the service be effected by a U.S. Marshal as it simply involves the delivery of the writ to the garnishees who are believed to be in possession of the Subject Funds.

4

640333.1

13.     To avoid the need to repeatedly serve the garnishees, Plaintiff also respectfully seeks leave, as embodied in the accompanying proposed order, for any writ served on a garnishee to be deemed effective and continuous throughout any given day on which it is served.

14.     In light of the above, Plaintiff Atlantis Blue respectfully submits that grounds exist for the appointment of a special process server under Rule 4(c)(3) of the Federal Rules of Civil Procedure and Rule B and asks that the Court enter an Order appointing same.

## CONCLUSION

As explained above, all of the elements of Rule B and the Local Admiralty Rules have been met, and therefore Plaintiff Atlantis Blue respectfully requests that this Court enter an Order authorizing the Issuance of Process of Maritime Attachment and Garnishment directing any and all garnishees to garnish any tangible or intangible property in their possession, custody or control belonging to the Defendants, authorizing alternative service of the writ, and granting Plaintiff such other and further relief as may be just, equitable and proper.

Dated: Florham Park, New Jersey
         May 13, 2026

Respectfully submitted,
FREEHILL HOGAN & MAHAR LLP
*Attorneys for Plaintiff Atlantis Blue*

By: _____
Yaakov U. Adler (*Pro Hac Vice Application Pending*)
Madeline S. Ritter (*Pro Hac Vice Application Pending*)
Austin Melville
220 Park Avenue Florham Park
New Jersey 07932
973-623-5514
973-623-3813
adler@freehill.com
ritter@freehill.com
melville@freehill.com

5

640333.1